UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CAROL SNOW,

Plaintiff,

v.

ST. FRANCIS MANOR, INC., et al.,

Defendants.

No. 2:15-cv-00973-KJM-AC

ORDER

Plaintiff, proceeding in this action pro se, has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. Plaintiff has also filed a motion requesting that the court appoint her counsel pursuant to 42 U.S.C. § 3613(b)(1). This proceeding was referred to this court by Local Rule 72-302(c)(21).

I. Motion to Proceed in Forma Pauperis

Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45–46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The court has determined that the complaint, which is more than 100 pages long and contains references to dozens of statutes and regulations, does not contain a short and plain statement as required by Federal Rule of Civil Procedure 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Because plaintiff has failed to comply with the requirements of Federal Rule of Civil Procedure 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

Plaintiff is cautioned that if she chooses to file an amended complaint, she must submit a short and plain statement in accordance with Federal Rule 8(a) pointing to some cognizable legal theory that entitles her to relief. Any amended complaint must also show that the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if her allegations are true. The amended complaint should contain separately numbered, clearly identified claims.

In addition, the allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Fed. R. Civ. P. 10(b). Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

II. Motion Requesting that the Court Appoint Plaintiff Counsel

The court also declines to appoint plaintiff counsel pursuant to 42 U.S.C. § 3613(b)(1). Section 3613(b) provides that "[u]pon application by a person alleging a discriminatory housing practice or a person against whom such a practice is alleged, the court may . . . appoint an attorney for such person." There is no Ninth Circuit case law interpreting appointment of counsel pursuant to 42 U.S.C. § 3613(b). As a result, the court looks to the case law addressing 42 U.S.C. § 2000e–5, which permits the appointment of counsel in Title VII employment discrimination cases, for guidance in applying the provisions of 42 U.S.C. § 3613(b). See 42 U.S.C. § 2000e–5 ("Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant.").

///

///

///

Under Title VII, three factors are relevant to a district court's determination of whether to appoint counsel: "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim." Bradshaw v. Zoological Soc. of San Diego, 662 F.2d 1301, 1318 (9th Cir. 1981). In cases where the particular facts warrant, other factors may be taken into account by the district courts, "so long as they are treated in a manner consistent with the policy of the statutory provision." Id. at 1318 n.43 (9th Cir. 1981). For example, several circuits consider as a fourth factor the plaintiff's capacity to prepare and present the case without the aid of counsel. See, e.g., Castner v. Colorado Springs Cablevision, 979 F.2d 1417, 1421 (10th Cir. 1992); Hunter v. Dep't of Air Force Agency, 846 F.2d 1314, 1317 (11th Cir. 1988); Poindexter v. FBI, 737 F.2d 1173, 1185 (D.C. Cir. 1984); Jenkins v. Chem. Bank, 721 F.2d 876, 880 (2d Cir. 1983); Hudak v. Curators of Univ. of Mo., 586 F.2d 105, 106 (8th Cir. 1978). The determination of whether to appoint counsel "is left to the sound discretion of the district court." Johnson v. U.S. Dep't of Treasury, 939 F.2d 820, 824 (9th Cir. 1991).

Plaintiff's motion to proceed in forma pauperis establishes that her financial resources are limited. However, plaintiff does not explain what she has done on her own in order to secure counsel. Although plaintiff's lack of resources indicates she probably cannot afford to pay for counsel, she must make some effort, at least, to obtain pro bono counsel. In addition, plaintiff's claims are not meritorious as her complaint does not comply with Rule 8. Accordingly, the court will deny plaintiff's motion requesting that the court appoint her counsel.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis, ECF No. 2, is GRANTED;
2. Plaintiff's motion requesting that the court appoint her counsel, ECF No. 3, is DENIED;
3. Plaintiff's complaint, ECF No. 1, is dismissed; and

///

///

///

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: May 15, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE