1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CAROL SNOW,                              No.  2:15-cv-00973-KJM-AC

12                 Plaintiff,

13        v.                                  ORDER

14   ST. FRANCIS MANOR, INC., et al.,

15                 Defendants.

16

17        Plaintiff, proceeding in this action pro se and in forma pauperis, has filed a first amended

18   complaint ("FAC").  This proceeding was referred to this court by Local Rule 302(c)(21).  The

19   court finds that plaintiff's FAC fails to meet Federal Rule 8(a)'s pleading standards and therefore

20   dismisses the FAC.  However, the court will again grant plaintiff leave to amend.

21        Plaintiff filed her original complaint on May 5, 2015, along with a motion to proceed in

22   forma pauperis and a motion to appoint counsel.  ECF Nos. 1, 2, 3.  On May 15, 2015, the court

23   granted plaintiff's motion to proceed in forma pauperis, but denied her motion to appoint counsel.

24   ECF No. 4.  The court also dismissed plaintiff's complaint with leave to amend because it failed

25   to comply with the pleading standards set forth in Federal Rule 8(a).  Id.  On June 15, 2015,

26   plaintiff filed her FAC.  ECF No. 5.

27        Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of

28   the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The purpose of

1

1    the complaint is to provide the opposing party with fair notice of the claim against it.  Lynn v.

2    Sheet Metal Workers' Intern. Ass'n, 804 F.2d 1472, 1482 (9th Cir. 1986).  The Federal Rules

3    have rejected the approach that pleading is a game in which one misstep by a party may be

4    decisive to the outcome, and the Federal Rules require the court to construe pleadings liberally.

5    Id.  However, a complaint must still give fair notice and state the elements of the claim plainly

6    and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984) (quoting

7    2A James W. Moore et al., Moore's Federal Practice ¶ 8.13 at 8–111 (2d ed.1983)).  The plaintiff

8    must allege, with at least some degree of particularity, overt acts which the defendants engaged in

9    that support the plaintiff's claim.  Id.

10          Although plaintiff's FAC is an improvement upon her original complaint, it still does not

11   meet Rule 8's standards.  Plaintiff's FAC is 54 pages long and includes 15 causes of action

12   against 13 defendants.  Plaintiff's FAC is shorter than her previous complaint, and includes

13   numbered paragraphs per the court's instructions, but it still does not give defendants fair notice

14   of the claims asserted against them.  First, a large portion of plaintiff's complaint narrates her

15   situation and the facts surrounding it without explaining which facts support which causes of

16   action and how.  In addition, plaintiff does not address the elements of any of her causes of

17   action.  At least one of plaintiff's claims does not give rise to a private cause of action at all.  See

18   Abou-Hussein v. Gates, 657 F. Supp. 2d 77, 81 (D.D.C. 2009) aff'd, No. 09-5358, 2010 WL

19   2574084 (D.C. Cir. June 11, 2010) (noting that 18 U.S.C. § 1001 does not give rise to a private

20   cause of action).  Many of plaintiff's causes of action also reference numerous statutes, making it

21   impossible to determine which facts are intended to support which claim.  Accordingly the court

22   finds that plaintiff's FAC does not satisfy Rule 8 and must be dismissed.

23          If plaintiff wishes to file an amended complaint she must limit the facts to those needed to

24   show how each defendant legally wronged her.  The complaint should not include every detail of

25   what happened, recount the details of conversations and letters (unless necessary to establish the

26   claim), or give a running account of plaintiff's hopes and thoughts.  By way of comparison, the

27   Federal Rule of Civil Procedure 84 provides an official Appendix of Forms with sample

28   complaints that are dramatically short and plain.  For example, the standard negligence complaint

consists of three short paragraphs:

> 1. (Statement of Jurisdiction--See Form 7.)
>
> 2. On date, at place, the defendant negligently drove a motor vehicle against the plaintiff.
>
> 3. As a result, the plaintiff was physically injured, lost wages or income, suffered physical and mental pain, and incurred medical expenses of $_____.
>
> Therefore, the plaintiff demands judgment against the defendant for $_____, plus costs.

Fed. R. Civ. P. Form 11. This model complaint fully identifies who is being sued, for what relief, and on what theory, with enough detail to guide discovery. It can be read in seconds and answered in minutes.

In addition, plaintiff must make an effort to determine whether the statutes her claims are based on actually give rise to a private cause of action. If a statute does give rise to a private cause of action, plaintiff must determine the elements of her claim, then allege facts showing that those elements are present as to **each** defendant. Any amended complaint must also show that the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if her allegations are true. The amended complaint should contain separately numbered, clearly identified causes of action. Each cause of action should include **one claim only**.

Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's FAC, ECF No. 5, is dismissed; and

2. Plaintiff is granted thirty (30) days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

3

1    docket number assigned this case and must be labeled "Second Amended Complaint";

2    plaintiff must file an original and two copies of the amended complaint; failure to file

3    an amended complaint in accordance with this order will result in a recommendation

4    that this action be dismissed.

5   DATED:  July 12, 2015

6                                                         _____

7                                                         ALLISON CLAIRE
                                                          UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28